# In the United States Court of Federal Claims

* * * * * * *

RHINOCORPS LTD. CO., *

Plaintiff, * No. 08-00410C

v. * Filed: July 28, 2008

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

**ORDER**

Rhinocorps contracted with the Department of the Air Force under the small business set-aside program. *See* 48 U.S.C. §§ 19.502-2(b), 52.219-6. The contract expired on schedule, and defendant did not renew or extend it. Plaintiff believes that the Government intends to remove the work from the set-aside program and transfer it to another contractor. It seeks a temporary restraining order preventing the Air Force from diverting the work to a contractor other than a small business. According to defendant, plaintiff's contract called for duties that are duplicated by an existing contractor.

Plaintiff asks the court to require the Air Force to solicit a follow-on contract or show why the contract is not appropriate for a small business. Meanwhile, plaintiff Rhinocorp would remain in place as contractor to "preserve the status quo" and to protect the small business set-aside program.

We conducted a hearing in June 2008, to consider plaintiff's motions for a temporary restraining order and a preliminary injunction. Plaintiff's motions are denied for the reasons stated below.

**DISCUSSION**

A ruling for petitioner seeking a temporary or permanent injunction often disrupts the Government's procurement process. The burden on petitioner to prove that it is entitled to extraordinary relief is high. Rhinocorp must establish that (1) it has a reasonable likelihood of prevailing on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) the balance of hardships caused by granting or rejecting the petition favors Rhinocorp; and (4) granting the injunction serves the public interest. *See Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F.3d 1343, 1348 (Fed. Cir. 2003). "No one factor is dispositive to the court's inquiry as 'the

weakness of the showing regarding one factor may be overborne by the strength of the others.'" *Seattle Sec. Servs., Inc. v. United States*, 45 Fed. Cl. 560, 571 (2000) (quoting *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993)).

Petitioner's case is defeated if the court finds that one of the four standards does not apply. *See, e.g., Watts-Healy Tibbitts A JV v. United States*, 81 Fed. Cl. 655, 660 (2008) (holding "[t]he absence of any prong of this test results in denial of injunctive relief."). In this case, not one of the standards applies. The possibility that Rhinocorp would prevail on the merits is remote.

We doubt that plaintiff has standing to bring a suit on the merits. Plaintiff must be an "interested party" to protest a contract award. *See* 28 U.S.C. § 1491(b)(1). An interested party must have a direct interest in the procurement's outcome. *Am. Fed'n of Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294, 1302 (Fed. Cir. 2001) (holding that standing "is limited to actual or prospective bidders or offerors whose direct economic interest would be affected by the award of the contract or by failure to award the contract."). Plaintiff is not a bidder or an offeror because the Air Force has not issued a solicitation for bids.

The irreparable injury standard normally calls upon the court to consider whether plaintiff's remedy at law is adequate absent an injunction. *See Seattle Sec. Servs.*, 45 Fed. Cl. at 571. Plaintiff in this case cannot show irreparable harm because its contract with the Air Force has expired by its terms. Another contractor is providing the services covered by plaintiff's expired contract. The Air Force is considering whether a small business can provide services that it may need in the future. This review "is a matter within the broad discretion of agency officials. It is not the duty of the court to second guess such determinations." *XTRA Lease, Inc. v. United States*, 50 Fed. Cl. 612, 625 (2001) (internal citations omitted). Rhinocorp is not a current bidder for a solicited contract.

The public interest is served by insuring that the Government conducts fair and open procurements. An agency compromises the public interest when it abuses its discretion in evaluating a contractor's bid. *Seattle Sec. Servs.*, 45 Fed. Cl. at 572. Plaintiff has not shown that defendant ignored or violated procurement laws or regulations to the extent that the public interest would be implicated. Absent such a showing, it cannot establish that an injunction would serve the public interest.

## CONCLUSION

Plaintiff may lack standing to sue on the merits of this case. Therefore, it is not likely that Rhinocorps will prevail on the merits. Defendant filed a motion to dismiss for lack of jurisdiction. Once the parties file all replies and responses we will consider the matter.

Rhinocorps will not suffer irreparable harm if the injunction is not granted. If the Air Force decides after review that a small business contractor will meet its needs, it may issue an invitation for bids. *See* FAR §19.502-2(b) (reserving contracts within certain values exclusively for small business concerns). In that event, plaintiff would be free to submit a bid pursuant to the small business set-aside program, and otherwise to participate fully in the procurement.

The balance of hardships caused by granting or rejecting the petition does not favor Rhinocorp because its contract expired by its terms. Plaintiff has no basis for requiring the Air Force to "maintain the status quo" by keeping its contract in place after expiration. This court does not have the authority to direct the Air Force to do so. *See, e.g., Cleveland v. United States*, 9 Cl. Ct. 741, 746 (1986); *Gates v. United States*, 33 Fed. Cl. 9, 12 (1995); *Forestry Surveys & Data v. United States*, 44 Fed. Cl. 485, 492 (1999).

Plaintiff has not shown that the court would serve the public interest by granting its petition for an injunction. We have no evidence that the Air Force abused its discretion or treated plaintiff or anyone else unfairly. Defendant is not in a position to act fairly or unfairly with regard to a procurement because no solicitation or invitation for bids is outstanding.

Plaintiff's petitions for temporary and permanent injunctions are DENIED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge