IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **RHINOCORPS LTD. CO.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 08-410C** |
| | ) | **(Senior Judge Hodges)** |
| **v.** | ) | |
| | ) | **BID PROTEST** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully submits this reply to plaintiff's response to our motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim.

## ARGUMENT

### I. Plaintiff Has Failed To Establish That This Court Possesses Jurisdiction Over Its Claims

Once the Court's jurisdiction is challenged, the plaintiff bears the burden of establishing that jurisdiction is proper. Newby v. United States, 57 Fed. Cl. 283, 289 (2003). The party seeking to invoke Federal jurisdiction bears the burden of demonstrating standing by a preponderance of the evidence and, because standing is jurisdictional, failure to satisfy that burden "precludes a ruling on the merits." The Centech Group, Inc. v. United States, 78 Fed. Cl. 496, 503 (2007) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) and Media Techs Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003)) (internal quotation marks omitted).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the

complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). However, "[i]n ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed Cir. 1985)), aff'd, 101 F.3d 714 (Fed. Cir. 1996) (table). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

**A. Rhinocorps Has Failed To Demonstrate That It Possesses Standing**

As discussed in our motion to dismiss, to establish standing in a bid protest, "a plaintiff must show that it (1) is an 'interested party,' *i.e.*, an actual or prospective bidder of offeror and (2) has a 'direct economic interest . . . affected by the award of the contract or by failure to award the contract.'" The Centech Group, Inc. v. United States, 78 Fed. Cl. 496, 503 (2007) (quoting Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006)). Although Rhinocorps has failed to demonstrate that was an actual or prospective bidder for the DTRIAC contract,[1] it nonetheless contends that this Court possesses jurisdiction to entertain its claims by relying exclusively upon LBM, Inc., B-290682, 2002 CPD ¶ 157, 2002 WL 31086989 (Sept. 18, 2002).

[1] Although Rhinocorps' complaint was vague as to whether it was protesting the Air Force's ongoing solicitation efforts or the DTRIAC contract, it appears to have framed its challenge to be only to the DTRIAC contract. Pl. Resp. at pp. 8-10, 13. As demonstrated above, Rhinocorps has failed to establish that it possesses standing to protest the DTRIAC contract.

Specifically, Rhinocorps attempts to circumvent its burden to demonstrate standing in this case by a preponderance of the evidence, by merely contending that, because the GAO reached the merits of the LBM, Inc. case without first analyzing standing, this Court may do the same. However, as demonstrated in our motion to dismiss, although the jurisdiction of this Court and the GAO may be similar, to the extent that the GAO declines to analyze the threshold issue of standing, this Court may not follow suit. See McRae Indus., Inc. v. United States, 53 Fed. Cl. 177, 180-81 (2002) ("[S]tanding is a threshold issue which must be resolved before a protestor can argue the merits of whether it is entitled to relief" (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998))). While GAO decisions may be instructive in certain instances, this Court simply may not rely upon a GAO decision that is directly contrary to the manner in which this Court has construed its limited jurisdiction in the bid protest context.

Consequently, because Rhinocorps has failed to demonstrate that it was "actual or prospective bidder of offeror" of any contract other than the one it received that has expired, it has failed to satisfy its threshold burden of demonstrating that this Court possesses jurisdiction to entertain its claims. The Centech Group, Inc. v. United States, 78 Fed. Cl. 496, 503 (2007) (quoting Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006)). As a result, this Court should dismiss Rhinocorps' complaint for lack of jurisdiction.

**B. Rhinocorps' Moot Because The Air Force Is Already Complying With The Governing FAR Requirements**

As demonstrated in our motion to dismiss,[2] Rhinocorps' claims are moot because the Air Force already is undertaking the only form of relief within this Court's authority to grant to which Rhinocorps arguably could be entitled.

Rhinocorps' complaint explicitly acknowledges that the Air Force is undertaking the analysis required by § 19.502(b), and that no decision has yet been made with respect to small business participation. "[I]t appears the Air Force may still solicit a small business set-aside contract that will encompass some or all of the requirements of the ARSS Contract." Compl. ¶ 30. See also Compl. ¶ 29(a) (acknowledging that in a second letter from the Air Force to Representative Wilson, the Air Force stated that it "intends to conduct further market research through the issuance of a Sources Sought Synopsis to make sure small businesses are afforded an opportunity to compete to fill the needs of ARSS."). Notably, nowhere does Rhincorps' complaint contend that the Air Force is not, in fact, undergoing the appropriate analysis required under § 19.502(b) before soliciting a contract that may encompass some or all of Rhinocorps' now expired contract.

---

2 Throughout its response, Rhinocorps contends that the Air Force has put forth no evidence to substantiate the statements contained in the complaint or the letters attached to the affidavit of Anthony J.D. Contri regarding the Air Force's reorganization and its ongoing requirements analysis. However, Rhinocorps has made no allegations or offered no evidence that those statements are false. As discussed, supra, regarding the standard of review, this Court may look beyond the complaint and "take into account 'evidentiary matters outside the pleadings,'" such as the letters attached to Mr. Conti's affidavit. Thomas, 34 Fed. Cl. at 621. Moreover, the defendant is not required to disprove jurisdiction; rather, the burden rests squarely upon the plaintiff to bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

Rather, Rhinocorps contends that the Air Force's analysis is a "post-hoc rationalization" and that "[t]he gravamen of this protest is that regardless of what kind of review the Air Force is presently undertaking, the diversion of work from a small business set-aside program without first conducting the evaluation required by § 19.502(b) is contrary to law." Pl. Resp. at pp. 2-4, 11-13. However, these arguments are unavailing.

Nothing in subpart 19.5 of the FAR requires that an agency undergo the analysis required by § 19.502(b) before allowing a contract to expire. Rather, Section 19.502(b) provides in relevant part that:

> The contracting officer shall set aside any acquisition over $100,000 for small business participation when there is a reasonable expectation that: (1) offers will be obtained from at least two responsible small business concerns offering the products of different small business concerns . . .; and (2) award will be made at fair market prices. Total small business set-asides shall not be made unless such a reasonable expectation exists. . . .

MCS Mgmt., Inc. v. United States, 48 Fed. Cl. 506, 511 (2001). Accordingly, the requisite analysis is to occur prior to the solicitation regarding a specific acquisition, and nothing in subpart 19.5 requires an agency to extend an otherwise expired contract. The case cited by Rhinocorps, Sunrise International Group, Inc., B-254875, 94-1 CPD ¶ 39, 1994 WL 21911 , which involved an alleged failure to issue an invitation for bids as a small business set-aside, not an expired contract, comports with this reading of subpart 19.5.

Rhinocorps further contends that "[t]he remedy for violating FAR 19.502-2(b) must encompass an extension of the existing contract." Pl. Resp. at p. 8. However, the authority cited by Rhinocorps, LBM, Inc., B-290682, 2002 CPD ¶ 157, 2002 WL 31086989 (Sept. 18, 2002), belies this contention because there the GAO held that the remedy for violation of 19.502(b) was

merely to recommend that the agency to engage in the required analysis. More to the point, as demonstrated in our motion to dismiss, "[c]ourts have been virtually unanimous in declining to direct the award of contracts, believing that this decision is properly left to the discretion of the contracting agency." Bannum, Inc., 56 Fed. Cl. at 459. "The law is well-settled that the determination of an agency's procurement needs and the best method for accommodating them are matters primarily with the agency's discretion." ABF Freight Sys., Inc. v. United States, 55 Fed. Cl. 392, 409 n.13 (2003) (citation omitted). See also Contract Custom Drapery Serv. v. United States, 6 Cl. Ct. 811, 819 (1984). ("This court's jurisdiction is not so broad as to contemplate the affirmative award of a contract to a particular bidder."). Accordingly, this Court's authority does not extend to direct an agency to extend an expired contract.

Consequently, Rhinocorps' case is moot because, by its own admission, the Air Force is presently engaged in the only form of relief to which Rhinocorps could arguably be entitled.

## II. Rhinocorps Has Failed To Allege A Claim Related To The DTRIAC Contract Upon Which Relief Could Be Granted

Although Rhinocorps makes a conclusory contention that the DTRIAC contract is "necessarily implicated in this protest," it still has failed to allege a claim upon which relief could be granted with regard to its challenge to that contract. As demonstrated in our motion to dismiss, although Rhinocorps contends in the complaint that work performed under the DTRIAC contract is improper, Rhinocorps has failed to identify any aspect of that contract, or work performed pursuant to it, that was not lawfully procured.

The Court's bid protest jurisdiction is limited to objections by an interested party to a "solicitation" for a proposed contract or to a "proposed award or the award of a contract" or "any

alleged violation of statute or regulation in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1).

As we have demonstrated, Rhinocorps is not an "interested party" with respect to the DTRIAC contract, which was awarded in 2003, because it did not make an offer to perform that contract and, therefore, could not have been awarded that contract. Moreover, Rhinocorps does not object to the award, solicitation or any aspect of the procurement of the DTRIAC contract. Rather, Rhinocorps objects to a "diversion" of work to that contract. However, whatever that means, it is not within the Court's jurisdiction.

As a result, even if Rhinocorps had satisfied its burden to demonstrate that it has standing to challenge the DTRIAC contract, it has failed to allege a viable cause of action related to that contract.

## III. Rhinocorps Is Not Entitled To Injunctive Relief

To be entitled to injunctive relief, a plaintiff must establish (1) success on the merits; (2) that it will suffer irreparable injury if the injunctive relief were not granted; (3) that that balance of the respective harm to the plaintiff in not receiving the injunction outweighs the harm to the Government if it is granted; and (4) that the injunction serves the public interest. See, e.g. Gentex Corp. v. United States, 58 Fed. Cl. 634, 654 (2003) (citing Bean Stuyvesant L.L.C. v. United States, 48 Fed. Cl. 303, 320-21 (2002)). Each of these factors weighs overwhelmingly against granting plaintiff's request for an injunction.

### A. Rhinocorps Is Not Likely To Succeed On The Merits Of Its Claims

As demonstrated above and in our motion to dismiss, Rhinocorps has failed to allege a viable cause of action that falls within the scope of this Court's jurisdiction. Accordingly,

Rhinocorps has not demonstrated that it is likely to succeed on the merits.

**B. Rhinocorps Has Not Demonstrated That It Will Be Irreparably Harmed**

As in its motion for a preliminary injunction, Rhinocorps continues to contend that it will suffer irreparable harm by "losing work that it otherwise would have the opportunity to compete for." Pl. Resp. at 15. However, as alleged in the complaint and set forth in the attachments to the affidavit of Anthony J.D. Contri,[3] the Air Force's future contracting needs are presently being assessed, and Rhinocorps has indicated it intends to participate in that process by submitting a response to the sources sought synopsis. Compl. at ¶ 28. Accordingly, Rhinocorps has lost no competitive opportunity and could, ultimately, receive a contract award.

**C. Rhinocorps Has Not Demonstrated That The Balance Of Hardships Weighs In Favor Of The Injunctive Relief**

Repeating the contentions in its motion for preliminary injunction, Rhinocorps makes only the conclusory contention that the Air Force will not be harmed by forcing "the Air Force to continue obtaining services as it has in the past." Pl. Resp. at 16. However, as alleged in the complaint and set forth in the attachments to the affidavit of Anthony J.D. Contri, the requirements and contracting needs of the Air Force have changed significantly due to reorganization. Consequently, it no longer needs "to continue obtaining services as it has in the past." Rather, the Air Force needs the opportunity to exercise its discretion to assess its future requirements and proceed with procurement efforts without judicial interference. The Air Force would be considerably harmed if the Court were to interfere with that discretion, derail the Air

---

[3] Although throughout its response Rhinocorps contends that the Air Force has put forth no evidence to substantiate the statements contained in the complaint or the letters attached to the affidavit of Anthony J.D. Contri, Rhinocorps itself has put that evidence and those allegations before this Court.

Force's current procurement efforts, and force the Air Force to extend an expired contract that it has determined no longer serves its needs. Again, Rhinocorps is currently participating in the Air Force's market research and may ultimately receive a contract award. Compl. at ¶ 28. Accordingly, the balance of harms clearly weighs against the granting of injunctive relief.

### D. The Public Interest Is Not Served By Granting The Injunctive Relief

Finally, Rhinocorps has failed to demonstrate that the injunctive relief it seeks will serve the public interest. Here, as in its motion for a preliminary injunction, Rhinocorps identifies the public interest that would be served as "the interest in ensuring that public officials treat contractors fairly and generally obey procurement laws and regulations." Pl. Mtn. at 21. As demonstrated above and in our motion to dismiss, Rhinocorps has failed to identify a single instance in which the Air Force has not obeyed procurement laws and regulations. Accordingly, Rhinocorps has not demonstrated that the public interest would be served in derailing the Air Force's proper exercise of its procurement function. See, e.g., Alion Science & Tech. Corp. v. United States, 74 Fed. Cl. 372, 376 (2006) (concluding that aggrieved bidder had not shown how an injunction would serve the public interest where it had "not demonstrated clearly that the procurement process has been compromised"). "The public's interest in open, honest, and fair procurements is not 'insignificant,' but in this circumstance the Agency's interest in proceeding without unnecessary judicial involvement is overriding." Id.

Although Rhinocorps' claims that it is merely seeking to have the Air Force to comply with the requirements of 19.502-2(b), Pl. Resp. at 17, as alleged in the complaint and set forth in the attachments to the affidavit of Anthony J.D. Contri, the Air Force is presently undertaking that analysis. Contrary to its contention, by asking this Court to order that Rhinocorps' expired

contract be extended and converted into a sole-source contract, Rhinocorps effectively seeks to circumvent a fair and open procurement process and have this Court engage directly in contract administration. This cannot be in the public interest.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court dismiss plaintiff's complaint and deny plaintiff's request for injunctive relief.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Steven Gillingham
STEVEN GILLINGHAM
Assistant Director

/s/ Courtney E. Sheehan
COURTNEY SHEEHAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7995
Fax: (202) 514-8624

Of Counsel:

Major CHRISTOPHER L. McMAHON
United States Air Force
Trial Attorney
Commercial Litigation Division
Air Force Legal Operations Agency
1501 Wilson Blvd, Suite 606
Arlington, VA 22209
Tele: (703) 696-9091
Fax: (703) 696-9084

August 27, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27TH day of August, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Courtney E. Sheehan