# In the United States Court of Federal Claims

No. 08-410C
(Filed April 7, 2009)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | * Pre-award bid protest; 28 U.S.C. |
| | * § 1491(b)(1) (2006); preliminary |
| **RHINOCORPS LTD. CO.,** | * injunction; small-business set- |
| | * aside; irreparable harm; undue |
| Plaintiff, | * hardship; mootness; whether |
| | * decision not to issue follow-on |
| v. | * contract as small business set- |
| | * aside violates 48 C.F.R. (FAR) |
| **THE UNITED STATES,** | * §§ 19.502-2(a), (b) (2006). |
| | * |
| Defendant. | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * * * | * |

Ross L. Crown, Albuquerque, NM, for plaintiff.

Courtney E. Sheehan, Washington, DC, with whom was Acting Assistant Attorney General Michael F. Hertz, for defendant. Maj. Christopher L. McMahon, United States Air Force Legal Operations Agency, Arlington, VA, of counsel.

### MEMORANDUM OPINION AND ORDER GRANTING PRELIMINARY INJUNCTIVE RELIEF

**MILLER**, Judge.

Before the court after argument is plaintiff's renewed motion for a preliminary injunction in this pre-award bid protest. 1/ The United States Air Force ("the Air Force") decided not to solicit a small business set-aside follow-on contract after the expiration of plaintiff's contract. Plaintiff challenges this decision as unreasonable and in violation of applicable procurement law. This is another iteration in an old pre-award bid protest filed in June 2008; transferred to the undersigned on September 19, 2008; and subject to aging and

---

1/ On March 31, 2009, plaintiff also renewed its application for a temporary restraining order, which is moot in view of the disposition of its motion for a preliminary injunction.

deferred ruling due to new developments in controlling precedent governing jurisdiction and augmentation of the Administrative Record as recently as March 30, 2009.

## BACKGROUND

The following facts are the same, unless otherwise noted, as those recited in the earlier opinion in RhinoCorps Ltd. Co. v. United States, 2009 WL 320642, at *1-3, 85 Fed. Cl. 712 (Jan. 28, 2009) (order granting, in part, motion to dismiss). RhinoCorps Ltd. Co. ("plaintiff") is a small business incorporated in New Mexico. Plaintiff filed suit against the United States for problems stemming from acquisition of services that the Air Force had procured from plaintiff under an expired contract (the "ARSS contract"). 2/ See Complaint for Declaratory Judgment and Injunctive Relief filed June 3, 2008, ¶¶ 2-3.

On May 29, 2003, what is now called the 709th Armament System Squadron (the "ARSS"), an agency of the Air Force, awarded the ARSS contract for programmatic services supporting weapon systems development to plaintiff through a competitive small business set-aside. Compl. ¶ 4. The contract incorporated by reference 48 C.F.R. (FAR) § 52.219-6 (2006), setting aside acquisitions for qualifying small businesses. Also incorporated by reference was FAR 52.219-8, which implements a policy to allow qualifying small businesses the maximum opportunity to participate in performing federal contracts. FAR 19.502-2(a), (b) applied, as well, and mandates that a contract with the value and performance characteristics of the ARSS contract would be awarded to a small business absent a determination of the agency. This regulation is the centerpiece of this litigation. Plaintiff, with the highest rated technical proposal and the lowest proposed price, secured award. Plaintiff agreed to a two-year contract term, with three one-year option periods. The ARSS contract expired on May 29, 2008. Compl. ¶ 4.

On January 24, 2008, the ARSS contracting officer announced through a commercial procurement tracking service, INPUT Federal Technology Opportunities, that plaintiff's ARSS contract would not be recompeted, but would be "fulfilled through an ongoing, current contract out of another Contracting Office." Id. ¶ 16 (quoted source not cited in original). On February 22, 2008, following plaintiff's submission of a Freedom of Information Act ("FOIA") request probing the Air Force's decision not to recompete the requirements covered by the ARSS contract, representatives for plaintiff and the Air Force met regarding

---

2/  The contract had a ceiling of over $17 million. It covered labor, supplies, hardware, materials, travel, and other direct costs associated with the Nuclear Weapons and Counterproliferation Agency. See Complaint for Declaratory Judgment and Injunctive Relief filed June 3, 2008, ¶¶ 4-5.

a possible follow-on to the ARSS contract. Plaintiff alleges that the Air Force stated that "it was not unhappy with [plaintiff's] performance," but "it was not required to maintain the work that is the subject of the ARSS Contract as a small business set-aside." Id. ¶ 19. Following another FOIA request, the parties met again on March 19, 2008. Plaintiff alleges that the Air Force had a legal obligation to continue this procurement through the small business set-aside program. The Air Force disagreed, explaining that the ARSS requirements had changed. According to plaintiff, this was the first notice by the Air Force that change-of-circumstances prompted the decision not to solicit a follow-on contract. Id. ¶ 21.

By letter to Secretary of the Air Force dated March 19, 2008, Rep. Heather Wilson questioned why the ARSS contract had been moved to a large business and whether the ARSS contract could be extended to allow for an issuance of a request for proposals for a follow-on contract. Id. ¶ 25. The Air Force responded by letter dated April 17, 2008, stating that reorganizations within the Air Force, among other developments, rendered plaintiff's programmatic services no longer necessary and that support would be provided by government personnel through on-going non-small-business contractors. Id. ¶¶ 26(b), (c). Plaintiff objected to the Air Force's decision not to solicit a follow-on contract to the expired ARSS contract. Id. ¶ 23.

In its April 17, 2008 response, the Air Force attributed its need for a "highly skilled, technical expertise across a broad spectrum only on an as-needed basis" as another justification to redistribute the ARSS contract requirements. Id. ¶ 26(d). To allow small business contractors to compete, the ARSS would conduct market research by means of a "Sources Sought Synopsis" to determine whether a follow-on contract was needed. Id. ¶ 26(e). Plaintiff was encouraged to respond to the Sources Sought Synopsis, id. ¶¶ 26(e), (f), and plaintiff alleged that it "intend[ed] to submit a response," id. ¶ 28. The Sources Sought Synopsis was posted on May 6, 2008, id. ¶ 28; responses were due on June 4, 2008, id.; and plaintiff commenced this action on June 3, 2008.

Plaintiff marshaled an array of charges to indict the Air Force's decision not to solicit small businesses for a follow-on contract to the ARSS contract as contrary to law. Compl. ¶ 37. Plaintiff's primary contention was that diverting the duties of the ARSS contract violates FAR 19.502-2(b), which requires contracting officers to set aside acquisitions over $100,000.00 for small business participants, absent conducting a prior analysis to support its decision. Id. ¶ 37(i). Plaintiff asserted that the transfer of duties was "pretextual" and that the Air Force lacked legitimate motivation for determining not to issue a new solicitation identical to the expired ARSS contract. Id. ¶¶ 39(a), (b). Plaintiff leveled the charge that the Air Force did not announce that the ARSS requirements had changed until after plaintiff confronted the Air Force with the "legal authority concerning its obligation to maintain the small business set-aside program represented by the ARSS Contract." Id. ¶ 39(a). On June

3, 2008, plaintiff filed suit in the United States Court of Federal Claims for declaratory and injunctive relief, with jurisdiction predicated on 28 U.S.C. §1491(b) (2006), "reversing" the Air Force's decision not to solicit a follow-on contract and not to extend plaintiff's contract until the decision required by law had been made. Id. ¶¶ 1, 42.

Submitted with defendant's supplemental brief filed on November 17, 2008, was the Air Force's "Determination and Findings for the Unilateral Decision to use Full and Open Competition for the 709 Nuclear Systems Squadron (NSS) Counter-proliferation and Nuclear Weapon Requirement" (the "D&F") (undated). Defendant offered the D&F as evidence that plaintiff's claims relating to the violation of small-business procurement regulations was moot because the Air Force had complied with the requirements of FAR 19.502-2 finding that no reasonable expectation existed that the Air Force would receive offers from at least two responsible small businesses. Def.'s Br. filed Nov. 17, 2008, at 4. Therefore, Contracting Officer Shirley D. Lindom determined that "[i]t is in the best interest of the government to have full and open competition to for this acquisition." Id. Ex. A at 3.

Plaintiff disputed the factual basis for the Air Force's conclusion in the D&F and advanced that this report was merely submitted in an attempt to cover up the fact that the Air Force either failed to initiate timely a small business follow-on process or determined that ITT-AES could perform the services cheaper than a small business.

On January 28, 2009, this court issued a decision granting defendant's motion to dismiss for lack of subject matter jurisdiction with respect to plaintiff's claim for diversion of work from the ARSS contract and otherwise denied defendant's motion. RhinoCorps, 2009 WL 320642, at *13. Defendant's motion to dismiss plaintiff's claim on the merits was denied because plaintiff had pleaded sufficient facts to establish that the Air Force's D&F, in fulfillment of FAR 19.502-2, was unreasonable. Id.

An order entered on February 10, 2009, following a scheduling conference held that date, called for simultaneous briefing on cross-motions on the Administrative Record to be completed on May 18, 2009.

On March 25, 2009, at the request of plaintiff, the court held a telephonic status conference to discuss developments that had taken place in the subject procurement since the court's last involvement on February 10, 2009. On this same date, plaintiff filed an Amendment to and Renewal of Application for Temporary Restraining Order and Preliminary Injunction. Plaintiff had learned on March 5, 2009, that the Solicitation for the

NSS procurement had been issued. 3/ See Supplemental Affidavit of Ross L. Crown, Mar. 31, 2009, ¶ 7. By order entered on March 26, 2009, the court ordered expedited briefing on plaintiff's renewed motion for interim injunctive relief. On February 23, 2009, the Air Force issued Solicitation No. FA9453-09-R-0001 (the "Solicitation") for full and open competition for the procurement of services for the 709th NSS Counterproliferation and Nuclear Weapon requirement (the "NSS procurement"). The Solicitation specified that all proposals must be received no later than March 25, 2009, at 12:00 p.m. M.D.T.

## DISCUSSION

On request for preliminary injunctive relief, the court must weigh the following four factors: (1) the likelihood of plaintiff's success on the merits; (2) irreparable harm to plaintiff if the injunction is not granted; (3) the balance of hardships on all the parties; and (4) the public interest. Erico Int'l Corp. v. Vutec Corp., 516 F.3d 1350, 1353-54 (Fed. Cir. 2008) (vacating trial court's grant of preliminary injunction); see also Abbott Labs. v. Sandoz, Inc., 544 F.3d 1341, 1344-45 (Fed. Cir. 2008) reh'g and reh'g en banc denied (Feb. 23, 2009) (affirming trial court's grant of preliminary injunction). No single factor is determinative, and "the weakness of the showing regarding one factor may be overborne by the strength of the others." FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993).

To demonstrate a likelihood of success on the merits plaintiff must prove that the agency's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 28 U.S.C. § 1491(b)(4) (2006) (adopting standard of 5 U.S.C. § 706(2)(A) (2006)). Plaintiff's burden in proving its likelihood of success is equivalent to

---

3/ The reasons why plaintiff did not move sooner on plaintiff's renewed motion for a preliminary injunction were detailed in plaintiff's Supplement to Amendment to and Renewal of Application for Temporary Restraining Order and Preliminary Injunction filed on March 31, 2009. See Second Supplemental Declaration of Anthony J. D. Contri, Mar. 31, 2009, ¶¶ 4-6. Counsel submitted an affidavit asserting that the court denied his request to hear his motion for a temporary restraining order *ex parte*. See Supplemental Affidavit of Ross L. Crown, Mar. 31, 2009, ¶¶ 11-18. Plaintiff's counsel sent an e-mail to defense counsel on March 24, 2009, which does not refer to plaintiff counsel's attempt to move *ex parte* for a TRO, but attempts to schedule a status conference to discuss "supplementation of the administrative record [] and a stay of the Air Force's solicitation until this protest is concluded." Pl.'s Br. filed Mar. 31, 2009, Ex. B-2. Defense counsel responded that she was not available that date for a status call, and would not agree to stay the procurement, responding "No. As [defense] indicated to [plaintiff's counsel] two weeks ago," defendant would not agree to a stay of the procurement. Id.

5

the standards and burdens of proof required to prevail on the merits. Erico, 516 F.3d at 1359 (Newman, J., dissenting). Therefore, in the context of this bid protest, plaintiff must demonstrate the likelihood, by a preponderance of the evidence, that the Air Force's decision in fulfillment of FAR 19.502-2, was unreasonable.

FAR 19.502-2, "Total small business set-asides," provides, in pertinent part:

> (a) Each acquisition of supplies or services that has an anticipated dollar value exceeding $3,000 ($15,000 for acquisitions as described in 13.201(g)(1)), but not over $100,000 ($250,000 for acquisitions described in paragraph (1) of the Simplified Acquisition Threshold definition at 2.101), is automatically reserved exclusively for small business concerns and shall be set aside for small business unless the contracting officer determines there is not a reasonable expectation of obtaining offers from two or more responsible small business concerns that are competitive in terms of market prices, quality, and delivery. . . .

FAR 19.502-2(b) conditions award of a contract as a small business set-aside on a finding that the potential for set-aside is present:

> when there is a reasonable expectation that (1) offers will be obtained from at least two responsible small business concerns offering the products of different small business concerns . . . and (2) award will be made at fair market prices. Total small business set-asides shall not be made unless such a reasonable expectation exists . . . .

As discussed in the court's earlier opinion, defendant's principal argument is that plaintiff cannot establish jurisdiction. Jurisdiction, of course, is the predicate to qualify for a substantial likelihood of success on the merits. U.S. Ass'n of Imp. of Textiles & Apparel v. United States, 413 F.3d 1344, 1348 (Fed. Cir. 2005) (finding error in trial court's ignoring jurisdictional arguments in ruling on motion for preliminary injunction). Defendant's penultimate contention – made during a March 25, 2009 off-the-record telephone conference (defendant later submitted a motion to dismiss on April 2, 2009, arguing mootness) – that plaintiff's failure to submit a response to the Solicitation renders plaintiff a non-interested party is not convincing. Defendant cited Rex Serv. Corp. v. United States, 448 F.3d 1305 (Fed. Cir. 2006). In Rex the United States Court of Appeals for the Federal Circuit held that Rex was not an actual or prospective bidder because although Rex could have submitted bid it chose not to bid on the contract. Id. at 1307-08. Similarly, Rex did not achieve status as an interested party by submitting a timely bid protest establishing that it expected to bid, prior to the close of the solicitation, but was prevented from doing so because of improper agency

6

action. Id. at 1308. The Federal Circuit also ruled that Rex did not possess direct economic interest as a putative bidder. Id. Rex could not establish that it had a substantial chance of receiving the contract because Rex did not bid; therefore, even if Rex prevailed on its protest a reevaluation of the procurement would not result in giving Rex the opportunity to secure the procurement. Id.

As plaintiff contends, Rex is factually distinguishable from this case. Plaintiff in the case at bar protested the Air Force's decision to not solicit a small business for the NSS procurement, and "[t]he Air Force's decision to issue a solicitation providing for full and open competition is precisely what the protest was intended to prevent. Unlike *Rex Service*, [plaintiff's] protest was already pending when the Solicitation was issued." Pl.'s Br. filed Mar. 31, 2009, at 3. Plaintiff is a prospective bidder for the NSS procurement, but it did not "submit[] a proposal in response to" the Solicitation because plaintiff was improperly and unfairly "pre-judged" by the Air Force to be "incapable of satisfying its requirements, and [plaintiff] could not afford the significant expense and effort of proposal preparation, given the apparent futility of such effort." 4/ Supplemental Declaration of Anthony J. D. Contri, Mar. 25, 2009, ¶ 5. The question of jurisdiction "closely affects" plaintiff's likelihood of success on the merits. See U.S. Ass'n of Imp. of Textiles & Apparel, 413 F.3d at 1348. The court thoroughly addressed defendant's jurisdictional arguments in RhinoCorps., 2009 WL 320642, at *5-6, 10, and plaintiff has established that jurisdiction will not be a bar to consideration of plaintiff's arguments on the merits.

Having moved for injunctive relief prior to the Solicitation's due date for submission of proposals, plaintiff seeks to enjoin the Air Force from evaluating the one response to the Solicitation. Plaintiff summarizes its position stating that it filed its protest months before the Solicitation was issued and before the Air Force issued its "after-the-fact D&F. This protest properly laid the axe at the root of the problem – the Air Force's failure to continue to procure the services at issue using a small business set-aside, follow-on contract." Pl.'s Br. filed Mar. 31, 2009, at 6.

---

4/ Plaintiff cites to Delex Sys., Inc., B-400403, at 11 (Oct. 8, 2008), arguing that plaintiff's decision not to respond to the Solicitation should not be viewed as evidence supporting the reasonableness of the decision by the Air Force not to solicit a small business set-aside contract. As articulated in Delex, it is reasonable for a small business to decide not to compete with large-business contractors for work in an unrestricted competition. Id. at 8. The agency should not solely rely on this business decision not to compete when determining, pursuant to FAR 19.502-2(b), whether it has a reasonable expectation that a small business will participate in a set-aside competition. Id. at 9.

Insofar as defendant argues that the D&F complies with FAR 19.502-2, defendant's request in its April 2, 2009 motion to dismiss and to stay further briefing in order to permit the contracting officer to issue a new D&F based on the same Administrative Record, as supplemented, does not warrant confidence in the contracting officer's D&F, although she does not indicate how she will improve upon it:

> I have decided to take corrective action in response to the protest. I intend to withdraw the original Determination and Findings (D&F); reexamine the results of the market research conducted, including reviewing the statements of capability submitted in response to a Sources Sought Notice the agency issued; reassess the evaluations of the evaluation panel; and I intend to issue a new D&F that will fully document the conclusions I reach.

Affidavit of Shirley D. Lindom, Apr. 1, 2009, USAF.

Defendant did not file an opposition to plaintiff's renewed motion for preliminary injunctive relief on April 2, 2009, as ordered. See Order entered Mar. 26, 2009, ¶ 3. 2). While the court cannot discount the reasonableness of the D&F, as supplemented by the earlier Declaration of Shirley D. Lindom, USAF, Mar. 27, 2009, and the Declaration of Capt. James D. Norman, USAF, Mar. 26, 2009, the court deems that plaintiff has made compelling showings with respect to the three other factors that outweigh the prognostication of plaintiff's ultimate success on the merits of its complaint for permanent injunctive relief. See Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n.12 (1987) (noting that standard for permanent injunction is essentially same as temporary injunction, except actual success replaces need to show likelihood of success on merits). Moreover, defendant has focused its attention on jurisdiction. 5/ With respect to this challenge, plaintiff has carried its burden. See RhinoCorps, 2009 WL 320642, at *5-6, 10.

Regarding the second and third factors – immediate and irreparable injury to plaintiff and balance of hardships on all the parties – plaintiff has shown that the irreparable harm it would suffer if an interim injunction is denied outweighs the harm the Air Force will suffer if this relief is declined. Defense counsel represented during the April 6, 2009 argument that the Air Force "desperately needs" to get a contract in place, but defendant did not file on

---

5/ Defendant's April 2, 2009 motion to dismiss argues mootness based on the contracting officer's intention to withdraw the Solicitation and issue a new D&F. No action has been taken that moots plaintiff's challenge; moreover, the contracting officer failed to aver what she hoped to accomplish *vis-a-vis* amplifying her conclusions in a new D&F that the one under review does not express.

April 2, 2009, an opposition with a declaration in response to plaintiff's renewed motion. Rather, defendant ratcheted up the anxiety level of this protest by moving to dismiss because the contracting officer wanted to issue a new D&F based on the same record.

The delay contemplated will not unduly prejudice the Air Force. Although the contracting officer completed the D&F on or about October 1, 2008, 6/ the Solicitation was not issued until almost five months later on February 23, 2009; defendant agreed to a briefing schedule that called for argument on May 22, 2009 (see Order entered Feb. 10, 2009); and the latest revision to the briefing schedule, entered this date, calls for argument on May 13, 2009. No showing has been made why a decision (as promised by the court) by May 18, 2009, will not be timely, given that the Air Force previously agreed to a decision based on May 22, 2009 date for argument.

In contrast, the risk of harm associated with continuing with the procurement poses greater danger to plaintiff in terms of both expense and opportunity cost: first, the longer the Air Force is allowed to proceed with this procurement, the more likely additional interested parties to this procurement will arise resulting in further litigation and greater expense to plaintiff; second, courts have found consistently that the loss of an opportunity to compete for a contract on a level playing field sufficiently establishes irreparable harm. "An action at law only allows recovery of 'bid preparation costs in a suit for damages, but not loss of anticipated profits,' leaving a bid protestor irreparably harmed." Bannum Inc. v. United States, 60 Fed. Cl. 718, 730 (2004) (denying permanent injunctive relief), aff'd, 404 F.3d 1346 (Fed. Cir. 2005) (quoting Essex Electro Eng'rs, Inc. v. United States, 3 Cl. Ct. 277, 287 (1983), aff'd, 757 F.2d 247 (Fed. Cir. 1985)).

Finally, the public interest will be served by assuring that the Air Force is following a mandatory procurement procedure when the record shows that initially the Air Force deemed the procedure to be inapplicable.

---

6/ Although the D&F itself is not dated, and neither the contracting officer's declaration nor affidavit avers to a date, the index to the Administrative Record indicates that the D&F was issued on October 1, 2008.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1. Plaintiff's Amendment to and Renewal of Application for Temporary Restraining Order and Preliminary Injunction, filed on March 25, 2009, as supplemented on March 31, 2009, is granted insofar as defendant, through the United States Air Force, its officers, agents, employees, and all other persons acting in connection therewith, shall not proceed to evaluate any offer submitted in response to Solicitation No. FA9453-09-R-0001, for full and open competition for the procurement of services for the 709th NSS Counterproliferation and Nuclear Weapon requirement, pending the entry of an order on plaintiff's complaint for a permanent injunction, which the court commits to issue by midnight on May 18, 2009.

2. Pursuant to RCFC 65(c), the court determines that no monetary bond should be required of plaintiff as a condition to entry of the preliminary injunction. The delay occasioned to this procurement is of the Air Force's own making.

3. Further to the order entered on March 30, 2009, Defendant's Motion To Supplement the Administrative Record filed on March 27, 2009, is granted as to Ex. D and E. These declarations of the contracting officer and the project manager elaborate on the D&F, especially Capt. Norman's role and analysis, and do not constitute *post-hoc* rationalizations.

4. Defendant's motion to dismiss filed on April 2, 2009, is denied on the grounds that the contracting officer has not withdrawn the D&F and that the Solicitation remains in force and effect. Defendant has not offered any reason why the contracting officer should have an opportunity to reevaluate the record and issue a new D&F.

5. Plaintiff's motion for summary judgment filed on April 6, 2009, is denied without prejudice to incorporating any arguments therefrom in plaintiff's motion for judgment on the Administrative Record.

6. Paragraph 7 of the order entered on March 26, 2009, is amended as follows:

> 1) The filings called for by ¶ 2 shall be submitted on April 16, 2009.
> 2) The filings called for by ¶ 3 shall be submitted on May 1, 2009.
> 3) The filings called for by ¶ 4 shall be submitted on May 8, 2009.

      4) Argument pursuant to ¶ 5 shall be held at 2:00 p.m. on Wednesday, May 13, 2009, in the Howard T. Markey National Courts Building. Counsel for plaintiff shall notify the court at 202/357-6620 by May 8, 2009, if he wishes to participate by telephone conference call to be placed by the court.

                                s/ Christine O.C. Miller
                              _____
                              **Christine Odell Cook Miller**
                              Judge